## Consolidation of Divisions in Thirty-fourth Ward

*Barnie F. Winkelman* and *Algernon R. Clapp*, for petitioners.

*William F. Berkowitz* and *Marshall H. Morgan*, for respondents.

MacNeille, J., January 26, 1933.—This petition is filed under the provisions of section five (a) of the Voting Machine Act of April 18, 1929, P. L. 549, as amended by the Act of June 23, 1931, P. L. 1185, 1189, and prays for the consolidation of the twenty-third division with the forty-second division of the thirty-fourth ward, so as to form one division having a registered vote of about five hundred.

The twenty-third division at the last registration had 335 registered voters and the forty-second division had 223 registered voters, making a total for both divisions of 558 registered voters.

The first objection set up by the answer is that the registered vote should not be used as the basis for fixing the number to a division, but that the assessor's list of voters should be used in the City of Philadelphia.

The Voting Machine Act, supra, says:

"The courts of quarter sessions shall, upon petition, redivide wards of cities or boroughs, where voting machines are adopted, into election districts of compact and contiguous territory, or shall consolidate election districts therein into new districts, each having five hundred registered voters as nearly as may be. . . . ."

It is common knowledge that in counties outside of Philadelphia the assessor's list is regarded as a list of registered voters. It is also true that there is an assessor's list in the City of Philadelphia that has been referred to as a registry of voters. Prior to 1901 the assessor's list in Philadelphia was truly a registry of voters, but there was a constitutional amendment on November 5, 1901, and personal registration acts have been adopted—since which time no voter can vote in Philadelphia merely by reason of having his name on the assessor's list. Under the registration acts, it is required that in cities of the first class an elector shall present his qualifications to the registration board and there be registered, and without such registration he cannot vote.

We are obliged to say that the words of the Voting Machine Act, supra, as applied to Philadelphia, mean a list of those voters who have regularly enrolled and registered before the board of registration in the election division. This interpretation does not bring us in conflict with article eight, section seven, of the Constitution of Pennsylvania, as amended November 6, 1928, as contended by the respondent. That section provides:

"All laws regulating the holding of elections by the citizens or for the registration of electors, shall be uniform throughout the State, except that laws regulating and requiring the registration of electors may be enacted to apply to cities only, provided that such laws be uniform for cities of the same class."

The next contention of the respondent is that the act limits the discretion constitutionally vested in the courts of quarter sessions. This contention is based upon the fact that the act says:

"The courts of quarter sessions shall, upon petition, redivide wards of cities or boroughs. . . ."

At the outset, we may say that we are of the opinion that the legislature is without power to pass a mandatory act on this subject, but where the act is subject to two constructions we should favor that one which makes for its constitutionality and carries out the express will of the legislators. We do not think that the act is mandatory merely because it uses the word "shall." In the same sentence it continues to say:

". . . redivide . . . into election districts . . . each having five hundred registered voters as nearly as may be. . . ."

We think the discretion which is vested in the court by the Constitution is not interfered with by an act so worded. This does not take away any powers given in article eight, section eleven, of the Constitution of Pennsylvania, as amended November 6, 1928, which provides:

"Townships, and wards of cities or boroughs, shall form or be divided into election districts of compact and contiguous territory, in such manner as the court of quarter sessions of the city or county in which the same are located may direct. . . ."

Further reference was made by the respondent to rule 30 of the court of quarter sessions, which provides for the filing of petitions for the division and rearrangement of election divisions. This would become important if the Voting Machine Act of April 18, 1929, P. L. 549, as amended, did not apply, but in our opinion it does. Respondent's contention in this respect is based upon section five (a) of the Act of 1929, as amended by the Act of 1931, supra, which says:

"The courts of quarter sessions shall, upon petition, redivide wards of cities or boroughs, where voting machines are adopted. . . ."

The contention is that since voting machines are not in use in the thirty-fourth ward, it is not a ward in which machines have been adopted. It is admitted, however, that the electors in the City of Philadelphia have adopted voting machines for the whole city; that they already have been furnished to the first twenty-two wards of the City of Philadelphia; and under the mandate of the citizens we must assume machines will be furnished to the rest of the wards.

We dismiss the contention as being without merit.

The original answer raises no question of fact, but is based upon questions of law and asks that the petition be dismissed.

We reach the conclusion that the petition should not be dismissed. We regard the answer as in the nature of exceptions thereto. The answer being insufficient, we sustain the petition and direct that the matter shall be listed for hearing.